NASH, Auditor, *v.* THE STATE, on the Relation of BLACK and Others.

COURT ROOM.—*Repairing and Furnishing.*—Courts of record, authorized to use

a seal, and having jurisdiction beyond that of justices of the peace, have power in this State to order the repairing and furnishing of their court rooms.

APPEAL from the Cass Common Pleas.

GREGORY, C. J.—This was a proceeding by mandate against the county auditor, to compel him to issue a warrant on the county treasurer for the payment to the relators of the sums of money due them for work done in repairing and furnishing the court room, under the order of the judge of the common pleas court of Cass county.

It is claimed that it is exclusively within the power of the county commissioners to order such improvements, and that therefore the order of the judge was void.

The statute provides, that "such commissioners shall cause a court house * * * to be erected and furnished, where the same has not been done, and shall keep all the public buildings of the county in repair;" and also confers the power to borrow money for such purposes. 1 G. & H. 250, 251, secs. 16, 17.

By the act of May 27th, 1852, to authorize and limit allowances by courts and boards, and drafts upon county treasurers, it is provided, that the county auditor may draw his warrant on the treasurer for a sum allowed, or certified to be due by any court of record, authorized to use a seal, and having jurisdiction beyond that of justices of the peace. It also provides that the said courts may allow such sums as may be due to persons furnishing furniture for the court room, or "making repairs thereof." 1 G. & H. 64, secs. 3, 5.

We think that by a fair construction of these statutes, the court of common pleas had the power to order the repairing and furnishing of the court room.

It was undoubtedly the duty of the county commissioners to keep the court house in repair, but this did not take from the courts of record the power to order repairs to their court rooms.

Perhaps a literal reading of section five, *supra,* would confine the power to make repairs to the furniture, and not to the room; but this would be a very narrow construction

of the section, and not in accordance with the rules for the construction of statutes.

Judgment affirmed, with costs.

*W. Z. Stuart* and *D. D. Dykeman,* for appellant.

*D. P. Baldwin,* for appellees.